UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick L. Howell, # 310890, | C/A No. 4:15-2561-JFA-TER |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Alan Wilson, Attorney General of the State of South Carolina, | |
| Defendant. | |

Plaintiff is an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections. In the above-captioned case, Plaintiff has brought suit against Alan Wilson, Attorney General for the State of South Carolina. The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of Plaintiff's challenges to South Carolina's Uniform Post–Conviction Procedure Act. Plaintiff contends that the application of South Carolina's Uniform Post–Conviction Procedure Act, and specifically Section 17-27-90, has resulted in a violation of his due process rights and deprived him of his liberty interests in utilizing the state's procedures. Plaintiff indicates that he filed an initial PCR application, which was ultimately dismissed with prejudice. See Doc. # 1-1. Plaintiff takes issue with the assistance he received from appointed PCR counsel during his initial PCR proceedings and after dismissal of his initial PCR. *Id*. Plaintiff indicates that he filed a subsequent PCR application which was dismissed as untimely and successive, with a notation that "a PCR counsel was ineffective is not per se 'sufficient reason' warranting a successive PCR application under 17-27-90." *Id*. at 2-3. S.C. Code Ann § 17-27-90 provides as follows:

1

> All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for <u>sufficient reason</u> was not asserted or was <u>inadequately raised</u> in the original, supplemental or amended application.
>
> (emphasis added).

In Petitioner's claim for relief, he seeks declaratory and injunctive relief as follows:

> 1) make a declaration that the "sufficient reason" definition as construed by the state courts and enforced by the Defendant in statute 17-27-90 as it relates to the exception "inadequately raised" once counsel has been appointed, violates the due process clause and make the state procedures inadequate to vindicate the state created right to PCR relief; 2) declare the PCR procedures "construed" by the state court and Defendant is inadequate about how those procedures apply to those who seek access to the state PCR procedure and 3) issue a injunction barring future unconstitutional construction of the "sufficient reason" definition and a permanent injunction ordering the state and defendant to grant Plaint a 'adequate' PCR hearing with 'adequate counsel' immediately in accord with the statutory law and court rules under the proer definiton of "sufficient reason" as it relates to "inadequately raised" grounds in statute 17-27-90.

Doc. # 1 at p. 5.

## DISCUSSION

**Standard of Review for *Pro Se* Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v.*

*Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir.1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir.1993), or

3

"conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

**Requirements for a Cause of Action Under Section 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted). After careful review and consideration, and for the reasons set forth below, the undersigned concludes that the

4

Plaintiff fails to state a claim under § 1983.

As an initial matter, the named defendant is not amenable to suit for damages. Defendant Wilson, as Attorney General for the State of South Carolina, is immune from suit under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina, *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), "arms of the state," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), including a State agency or department and state officers acting in their official capacity, *Gray v. Laws*, 51 F.3d 426 (4th Cir.1995). Therefore, Eleventh Amendment immunity is extended to Defendant Wilson from a suit for damages.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. In enacting § 1983, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Quern v. Jordan*, 440 U.S. 332, 343, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Coffin v. South Carolina Dep't of Soc. Servs.*, 562 F.Supp. 579, 583–585 (D.S.C.1983). Although the express language of the Eleventh Amendment only forbids suits by citizens of other States against a State, the Eleventh Amendment bars suits against a State filed by its own citizens. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Under *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. at 99 & n. 9, a State must

expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. See South Carolina Tort Claims Act, S.C.Code Ann. § 15–78–20(e) (expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). The Eleventh Amendment cannot be overridden by pendent jurisdiction or any other basis of jurisdiction. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 121.

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. In the case of *Will v. Michigan Dep't of State Police*, 491 U.S. at 67, the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity (cites omitted) or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. *Id*. at 58. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state. State officials may only be sued in their individual capacities. "[W]hen an action is in

essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 6113 (2002). Although Plaintiff indicates that he claims only declaratory and injunctive relief, to the extent that he could be construed as seeking any type of monetary damages, the Court notes that these would unavailable.

Additionally, to the extent that Defendant Wilson is being sued for actions related to Plaintiff's underlying criminal case, he is entitled to prosecutorial immunity. Defendant Wilson as the South Carolina Attorney General, is the chief prosecuting officer of the state. See § 24 of Article V, Constitution of the State of South Carolina. Prosecutors are protected by immunity for activities in or connected with judicial proceedings. *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Burns v. Reid*, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Dababnah v. Keller–Burnside*, 208 F.3d 467, 470 (4th Cir.2000). In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430. The prosecutorial immunity established in *Imbler* extends to post conviction proceedings. *See Houston v. Partee*, 978 F.2d 362, 365 (7th Cir.1992) (recognizing "substantial case law granting absolute immunity for acts done in various post-conviction proceedings"); *Bruce v. Wade*, 537 F.2d 850 (5th Cir.1976) (challenges to conviction protected by the immunity doctrine). Therefore, Defendant Wilson is immune from suit

for any prosecutorial actions taken in Plaintiff's post conviction relief proceeding.

Moreover, although it is not clear what specific facts are alleged against Defendant Wilson, certainly his involvement with prosecuting Plaintiff would be intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. Additionally, it is notable that Plaintiff does not allege that Defendant Wilson personally acted or failed to act deliberately to enact or enforce the statutes at issue. A defendant cannot be liable under § 1983 merely because they are a supervisor or manager. The doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir.1977). *See also Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (*citing Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).Therefore, Defendant Wilson should be dismissed from this suit based upon immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Even if Plaintiff is assumed *arguendo*, to have named a proper defendant, his challenges to the South Carolina Uniform Post–Conviction Procedure Act still fail. The Act is a viable state remedy, and has been found, in relevant part, to be Constitutional. The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post–Conviction Procedure Act, which is currently codified at § 17–27–10 et seq., South Carolina Code of Laws, is a viable state-court remedy. *See Howard v. Georgetown County Government Body*, 2004 WL 3775252, 6 (D.S.C. 2004) (citing *Miller v. Harvey*, 566 F.2d 879, 880–881 (4th Cir.1977), *cert. denied*, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978); and *Patterson v. Leeke*, 556 F.2d 1168, 1170–1173 (4th

Cir.), *cert. denied*, 434 U.S. 929, 98 S.Ct. 414, 54 L.Ed.2d 289 (1977)).

Also, the Supreme Court of South Carolina has upheld the constitutionality of S.C. Code Ann. § 17-27-45(A) which outlines the filing procedures for PCR actions. *See Cox v. United States, 2013 WL 5719086 (D. S.C. 2013) (citing Peloquin v. State*, 321 S.C. 468, 469 S.E.2d 606, 607 (1996) ("Accordingly, in our opinion, all those convicted prior to the effective date of the statute should be allowed one year after its effective date to file an application.")). Petitioner's second PCR application was dismissed, *inter alia*, as being successive, as well as untimely.

Plaintiff's Complaint concerns matters pertaining to his underlying criminal conviction and sentence for Burglary First Degree.[1] However, until the Plaintiff's conviction is set aside, any non-habeas civil action based on the conviction and related matters will be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed
> unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
>
> *Heck*, 512 U.S. at 487; *see also Poston v. Shappert*, No. 06-8052, 222 Fed.Appx. 301, 2007 WL 1031695 (4th Cir. Mar. 30, 2007) (claims brought pursuant to § 1983 challenging underlying criminal conviction are barred by *Heck*).

---

[1] The Court notes that it takes judicial notice of materials in court records from Plaintiff's prior habeas proceedings (4:12-cv-2808). See Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir.1949); see Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records); see also In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating); See also Colonial Penn Ins. Co. v. Coil, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue)*;*

9

Plaintiff has neither alleged nor demonstrated that his underlying conviction or sentence has been invalidated; thus, this action is barred by *Heck*. *Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008).

Moreover, although Plaintiff seeks declaratory/injunctive relief to file a successive and untimely post-conviction action, he is, in effect, seeking release from prison. Plaintiff cannot obtain his "freedom" or release from prison in this civil rights action. *See Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983). Since Plaintiff has had a Section 2254 action adjudicated on the merits with respect to his conviction for Burglary First Degree entered in the Court of General Sessions for Orangeburg County on August 18, 2005, *see Howell v. Warden, Lieber Correctional Inst.*, Civil Action No. 4:12-2808-JFA-TER, 2014 WL 791506 (D.S.C. Feb. 24, 2014), he must seek leave to file a successive habeas corpus petition. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this

court under the standard established in section 2244(b)(3)(C).").Before Plaintiff attempts to file another petition in the United States District Court for the District of South Carolina, he *must* seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3).

Finally, it is noted that this Court cannot sit in review of state court proceedings. Plaintiff essentially asks this court to review his PCR application and reverse the case for a different outcome in light of his assertion that he should be allowed to proceed on his second petition despite the state court's determination that it is successive and untimely. (Doc. # 1). However, this court is without jurisdiction to consider an appeal from a state court decision. See 28 U.S.C. § 1257; see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476–82, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (holding a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker–Feldman doctrine. See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (confining Rooker–Feldman doctrine to cases brought by state court losers seeking redress for an injury allegedly caused by the state court's decision); Davani v. Va. Dep't of Transp., 434 F.3d 712 (4th Cir.2006). Because the Rooker–Feldman doctrine is jurisdictional, it may be raised by the court sua sponte. Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 197 n. 5 (4th Cir.1997). Further, the Rooker–Feldman doctrine applies even if the state court litigation has not reached a state's highest court. See Robart Wood & Wire Prods. Corp. v. Namaco Indus., Inc., 797 F.2d 176, 178 (4th Cir.1986) (holding federal courts must give full faith

and credit to the judicial proceedings of every state). Thus, the court lacks jurisdiction to review or set aside rulings made in Plaintiff's state PCR proceedings.[2] *See generally, Gist v. South Carolina*, 2014 WL 1400772, 3 (D.S.C.2014).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court dismiss the Complaint in this case without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 18, 2015
Florence, South Carolina

---

[2] The Court notes that Plaintiff only seeks relief under § 1983 in this case. (Doc. # 1 at 3).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).