IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Frederick L. Howell, #310890,<br><br>    Plaintiff,<br><br>vs.<br><br>Alan Wilson, Attorney General of the State of South Carolina,<br><br>    Defendant. | C/A No. 3:15-cv-2561-JFA-TER<br><br><br><br>**ORDER** |

## I. INTRODUCTION

Frederick L. Howell ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Turbeville Correctional Institution ("Turbeville"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1] On August 18, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") wherein he recommends that this Court dismiss the action without prejudice and without issuance and service of process. (ECF No. 10). Plaintiff filed an objection to the Report. (ECF No. 12). Thus, this matter is ripe for the Court's review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in

---

[1] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Further, a *de novo* review of the Magistrate's Report is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citation omitted); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates those without a recitation.

**II.    DISCUSSION**

In the matter before this Court, a large portion of Plaintiff's objection merely restates the numerous arguments advanced in his complaint. (Compare ECF No. 1, with ECF No. 12). Plaintiff fails to sufficiently identify the specific points of error in the Magistrate's legal analysis and in some instances only makes conclusory statements. Therefore, those objections are not

sufficient to require a *de novo* review of the Report by this Court. Plaintiff's remaining objections are addressed below.

Plaintiff has lodged two objections to the Report rendered by the Magistrate Judge. Specifically, Plaintiff contends that the Magistrate Judge erred: 1) in concluding that the action was filed pursuant to 42 USC § 1983; and 2) in concluding that the Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine.

### A.    § 1983 Claim

In his objections, Plaintiff claims that "at no time" did he "File a 1983 Complaint For A civil Rights Action." (ECF No. 12 p. 1). Rather, Plaintiff claims that his suit was filed pursuant to Rules 57, 38, and 39 of the Federal Rules of Civil Procedure and that he only sought "petition for declaratory judgment." However, Plaintiff's initial complaint was plainly a § 1983 action. (See ECF No. 1-1 p. 2-3). He self-styled it as such in two places. Despite the fact that he seeks declaratory and injunctive relief, his claim is that his due process rights were violated by a state law. While the Court must liberally construe pro se pleadings, it cannot rewrite a petition. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). Accordingly, Plaintiff's complaint was filed pursuant to § 1983.

### B.    Rooker-Feldman

The *Rooker–Feldman* doctrine prevents a federal district court from exercising jurisdiction over a case brought by a "state court loser" challenging a state court judgment rendered before the district court proceedings commenced. *Lance v. Dennis*, 546 U.S. 459, 460 (2006); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. *Lance*, 546 U.S. at 463; *Exxon*, 544 U.S. at 283; *see*

*also* 28 U.S.C. § 1257. In recent years, the Supreme Court has emphasized the narrowness of the doctrine. *See Lance*, 546 U.S. at 464 (listing examples of when the *Rooker–Feldman* doctrine does not apply); *see also Exxon*, 544 U.S. at 284.

Reacting to the Supreme Court's instruction in such cases as *Exxon*, the United States Court of Appeals for the Fourth Circuit has rejected its prior test for determining whether the *Rooker–Feldman* doctrine applies, which, in reliance on *Feldman*, examined whether the issues raised in the federal lawsuit were so "inextricably intertwined" with the claims presented to the state court that they could have been raised in the state proceedings. *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 716 (4th Cir.2006). Post-*Exxon*, the Fourth Circuit identifies the pertinent inquiry as whether the plaintiff's injury is *caused by* the state court judgment itself. *Id.* at 718. Other courts have adopted a similar test. *See, e.g.*, *Kovacic v. Cuyahoga County Dep't of Children & Family Servs.*, 606 F.3d 301, 309–310 (6th Cir.2010); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87–88 (2d Cir.2005); *Galibois v. Fisher*, 174 F. App'x 579, 580 (1st Cir.2006); *cf. Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.2010)(identifying this inquiry as one of four elements that must be met for the *Rooker–Feldman* doctrine to apply). Thus, after *Exxon*, the proper inquiry examines the source of the plaintiff's injury: if the state court judgment caused the plaintiff's injury, the claim is barred, but a claim alleging another source of injury is an independent claim.

Accordingly, "[t]he critical task is thus to identify those federal suits that profess to complain of injury by a third party, but actually complain of injury 'produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167 (3d Cir. 2010)(*quoting Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005)). "Where a state-court judgment causes the

challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear." *Hoblock*, 422 F.3d at 88.

In this case, Plaintiff claims that he is not challenging the prior state court judgment itself. Rather, he claims to challenge "the PCR statute they authoritatively construed." (ECF No. 12 p. 4). However, that is distinction without a difference. The petition asks this Court to review his PCR application and alter the outcome based on Plaintiff's own interpretation of the law. This Court lacks the jurisdiction to do that. Accordingly, Plaintiff's challenge to that action is barred under *Rooker-Feldman*.

### III. CONCLUSION

After a careful review of the record, of the applicable law, and of the Report and the Objections thereto, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate and hereby **DISMISSES** this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

November 13, 2015
Columbia, South Carolina

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge